UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

NEAL BENJAMIN,

                      Plaintiff,              **MEMORANDUM & ORDER**

                                     21-CV-4927 (LDH) (CLP)

     v.

JAMES M. BRANDEN, ESQ.,

                      Defendant.
-----------------------------------------------------------------

BRIAN M. COGAN, United States District Judge:

      Plaintiff Neal Benjamin, currently incarcerated at Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania, brings this *pro se* action for damages under 42 U.S.C. § 1983[1] against an attorney who represented him in an appellate proceeding before the United States Court of Appeals for the Second Circuit.   Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the following reasons, the action is dismissed.

BACKGROUND

      Plaintiff was convicted of several drug crimes following a jury trial in the United States District Court for the Western District of New York, *United States v. Benjamin*, No. 97-cr-133-2 (W.D.N.Y., filed June 30, 1997, closed Jan. 23, 2009).   Plaintiff is currently serving a thirty-year sentence for that conviction.   *See United States v. Benjamin*, 391 F. App'x 942, 948 (2d Cir. 2010). In 2019, in the United States District Court for the Western District of New York, plaintiff filed, and was denied, a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and

---

[1] Plaintiff filed a complaint on August 25, 2021, a "Civil Action for Deprivation of Rights pursuant to 42 U.S.C. § 1983," and an amended complaint. The latter two documents repeat the allegations of his complaint.

the First Act of 2018. *See United States v. Benjamin*, No. 97-cr-133-2 (W.D.N.Y.), ECF Nos. 927, 939. He appealed the denial of his motion to reduce his sentence to the Second Circuit; that appeal is pending. *United States v. Benjamin*, No. 19-3636-cr (2d Cir. filed Nov. 1, 2019).

Here, plaintiff is suing the attorney who previously represented[2] him on that appeal, James Branden ("Branden"), who is located in Staten Island, New York, and a member of the Second Circuit's Criminal Justice Act ("CJA") Panel, alleging that Branden was "derelict in his constitutional duties under the Sixth (6th) Amendment for his failure to pursue relief that would have been afforded to [plaintiff].". Specifically, plaintiff alleges that Branden failed to heed information that plaintiff emailed to him regarding the Second Circuit's 2010 decision, *United States v. Benjamin*, 391 F. App'x 942, "that places my conviction under 'covered offense' as defined by Section 404 of the First Step Act" and that Branden filed "two (2) adverse petitions," a motion to withdraw the merits brief filed on March 19, 2021 and a motion to dismiss the appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

DISCUSSION

## I.    Standard of Review

Under 28 U.S.C. Section 1915 (e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof that may have been paid,"[3] a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

---

2 Plaintiff is currently represented by another CJA attorney. *See United States v. Benjamin*, No. 19-3636-CR, ECF No. 102 (Order Relieving James M. Branden as Appellate Counsel to Benjamin).

3 Plaintiff has paid the filing fee.

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quotations and citations omitted). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quotations omitted).

## II.     Violation of Civil Rights: Improper Defendant

Plaintiff brings this lawsuit against his attorney pursuant to 42 U.S.C. § 1983. Compl. at 1. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and

3

its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

"[T]he law is clear that an attorney appointed pursuant to the CJA who performs 'a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" is not a state actor. *Jiau v. Hendon*, No. 12 CIV. 7335, 2014 WL 559004, at *8 (S.D.N.Y. Feb. 12, 2014) quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding") and citing *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir.1997) ("it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983"); *Cooper v. Barnet*, No. 15-CV-1498, 2015 WL 4619993, at *3 (E.D.N.Y. July 30, 2015) (whether defense counsel was privately retained or was appointed by the Court to defend plaintiff in the underlying criminal case is "immaterial because attorneys generally do not act under color of state law."). Additionally, plaintiff has not alleged that defendant acted jointly with a state actor or conspired with a state actor to deprive plaintiff of some constitutional right. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (private actors may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'"). Because plaintiff has failed to plausibly allege that defendant acted under color of state law, the complaint fails to state a claim for relief against him under § 1983 and is therefore dismissed. 28 U.S.C. § 1915(e)(2)(b)(ii).

CONCLUSION

Accordingly, plaintiff's § 1983 action is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).   Defendant's motion to dismiss is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and close this case. The Clerk of Court is further directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

Digitally signed by
Brian M. Cogan
_____
BRIAN M. COGAN
United States District Judge

Dated:   Brooklyn, New York
             April 12, 2022